Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES CORDERO,<br><br>          Plaintiff,<br>v.<br><br>SOLGEN POWER LLC and VERITY CREDIT UNION,<br><br>          Defendants. | **COMPLAINT** (Truth in Lending Act, Fraud)<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTION:

1.

This is a consumer protection case arising from the defendants' fraudulent door-to-door sale of residential solar power equipment and related financing. Solgen Power LLC's sales staff solicited the plaintiff and his wife, Audrey Cordero, at their home in late 2021, and, in the process, committed him to purchase equipment that they have not provided, despite his ongoing

1 –COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

payments toward the system. Verity Credit Union has been collecting payments for the transaction though it is not registered with the state of Oregon as an interstate credit union and Mr. Cordero does not qualify to be a member of the credit union. On information and belief, the defendants did not provide Mr. Cordero with a copy of the financing agreement or the Truth in Lending Act disclosures that they claim pertain to the loan.

Mr. Cordero seeks to collect damages for violations of the Truth in Lending Act and for common law fraud.

## JURISDICTION

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the Truth in Lending Act is authorized and instituted under 15 U.S.C. § 1640(e). This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 because the claim is so related to the federal claim that they form part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.

Plaintiff James Cordero ("Mr. Cordero") is a natural person and a resident of Multnomah County, Oregon. He lives and owns in the house located at 14343 SE Bush Street, Portland, Oregon 97236, which is and has been at all times material to this action his principal residence.

4.

Defendant Solgen Power LLC ("Solgen"), is a Washington Limited Liability Company doing business in Oregon.

5.

Defendant Verity Credit Union ("Verity") is a credit union chartered by the state of Washington. ORS 723.006 defines a credit union as, "a cooperative, nonprofit association, incorporated under the laws of this state, for the purposes of encouraging thrift among its members, creating a source of credit at a fair and reasonable rate of interest and providing an opportunity for its members to use and control their own money in order to improve their economic and social condition." On information and belief, Verity does not have approval from the Director of the Oregon Department of Consumer and Business Services to do business as a credit union in this state, as contemplated by ORS 723.042(2).

6.

At all times relevant to this action, defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendants creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(g) and Regulation Z, 12 CFR § 1026.2(a)(17).

FACTUAL ALLEGATIONS

7.

Solgen solicited sales of its solar power generating equipment door-to-door in Mr. Cordero's Portland neighborhood in late 2021. Mr. Cordero and his wife, Audrey, who has since passed away, were interested in purchasing a solar power system and obtained information from the salesperson who came to their door on or about November 18, 2021, about their options for purchasing solar power equipment.

8.

Solgen's sales agent presented Mr. Cordero with a Purchase and Installation Agreement, which Mr. Cordero and the company "Owner," both signed electronically on November 18, 2021. This agreement provides a project Contract Price of $47,795.45 and included notice that Solgen Power agreed to cover Mr. Cordero's "initial solar payments until on or about" May 16, 2022. The notice further states that Solgen Power "will work directly with the bank to cover these payments" and that Mr. Cordero would not receive a bill from Verity for the "first six months" of the project. Verity was not a party to the Purchase and Installation Agreement and the document does not contain financing terms.

9.

The Purchase and Installation Agreement provided an estimated completion date of "approximately 8 – 14 weeks" after the date "set forth on the first page of this Agreement" (i.e., November 18, 2021). Based on this description, the installation should have been completed no later than the end of February 2022. Two years after the Agreement, the system has not been fully installed and permitted and it is still not operating. None of the promised solar power generation has materialized. Because of their expertise in selling, designing, permitting, installing, and maintaining solar power systems, Solgen either knew their time estimate was inaccurate, or knew that they were ignorant of the truth or falsity of their representations about how long it would take to finish the job.

10.

Solgen told Mr. Cordero that he would make between $200.00 and $250.00 per month in power generation when the system was up and running. This amount would help offset Mr. Cordero's utility bills, which averaged approximately $285.00 per month through PGE—or an

average of approximately $270.00 per month after the estimated completion date of February 2022.

11.

On information and belief, Solgen and Verity did not provide Mr. Cordero with a copy of the Truth in Lending disclosures or the financing agreement that it claims to have approved in conjunction with the sale of solar power equipment.

12.

Verity is a Washington-chartered credit union. Verity's field of membership includes people who live, work, or worship in the state of Washington; Mr. Cordero does not meet any of these requirements. Solgen knew or should have known that that he did not qualify to be a Verity credit union member because it solicited Mr. Cordero at his home in Portland, where it was able to ask questions about his eligibility. Solgen and/or Verity apparently completed membership and financing paperwork for Mr. Cordero that stated otherwise without his knowledge or consent.

13.

Verity and Solgen did not provide Mr. Cordero with the accurate disclosures required by the Truth in Lending Act. The failure to provide Truth in Lending Disclosures resulted in Verity not disclosing the APR, the Finance Charge, the Amount Financed, the Total of Payments, and all other material disclosures required for the financing that Verity and/or Solgen claims to have provided to Mr. Cordero.

FIRST CLAIM FOR RELIEF--Truth in Lending Act

14.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

15.

The loan defendants made to plaintiff was a consumer transaction; defendants are creditors under the Truth in Lending Act.

16.

Defendants violated the requirements of the Truth in Lending and Regulation Z by failing to accurately disclose the identity and address of the creditor, amount financed, annual percentage rate, finance charge, total of payments, total sale price of the loan, and all other material TILA disclosures, in violation of 15 U.S.C. 1638(a) and Reg. Z § 1026.18.

17.

As a result of defendants' failure to provide the required accurate disclosures to Mr. Cordero, defendants are liable to him for:

A. Actual damages in the amount the creditor claims Mr. Cordero owes plus payments he has made to Verity, estimated at approximately $50,000.00;

B. Statutory damages of up to $2000.00, and,

C. Reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3).

SECOND CLAIM FOR RELIEF--FRAUD

18.

Plaintiff re-alleges and incorporates the foregoing paragraphs here.

19.

Defendant made intentional misrepresentations to plaintiff (or knew that they were ignorant of the truth or falsity of the representations) in the following respects, each of which were material to his losses connected with the transaction with Solgen and Verity:

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

a) Represented that installation of the solar power system would be completed no later than the end of February 2022, and that the system would create $200.00 to $250.00 in electricity beginning then;

b) Represented that Mr. Cordero is liable for a consumer loan for which, on information and belief, he did not sign an agreement, and for which Verity did not deliver accurate Truth in Lending disclosures;

c) Signed Mr. Cordero up as a member of Verity Credit Union, when he does not meet any of its requirements for membership.

20.

Defendants knew the representations and omissions described in paragraph 19 were false (or, alternatively, knew that they were ignorant of the truth or falsity of the representations) with the intent to induce Mr. Cordero to rely on those representations and move forward with the purchase of the solar power equipment and to cause him to make payments to Verity.

21.

Mr. Cordero was unaware of defendant's misrepresentations and/or omissions when he signed the Purchase and Installation Agreement. As a consequence, he has suffered economic damages in an amount to be proven at trial, estimated at approximately $50,000.00, and non-economic damages in the form of annoyance, frustration, stress, anger, and anxiety caused by defendants' unending telephone calls and visits from contractors. He is further tormented by making payments on a non-functioning solar system while still paying his ongoing utility bills. Mr. Cordero estimates his non-economic damages at $25,000.00, the exact amount of which will be proven at trial.

///

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

22.

Defendants acted with reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages to be proven at trial.

PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays for:

I. On the First Claim for Relief (Truth in Lending Act):

    A. Actual damages of the amount the creditor claims Mr. Cordero owes it plus payments he has made to Verity, estimated at approximately $50,000.00, the exact amount of which will be proven at trial, together with prejudgment interest;

    B. Statutory damages of up to $2000.00, and;

    C. Reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3).

2. On the Second Claim for Relief (Fraud):

    A. Economic damages including payments made to defendants and any amounts due the continuing loan obligation they maintain that he owes, plus $200.00 to $250.00 per month in promised solar power generation, estimated at approximately $50,000.00 all together, the exact amount to be proven at trial, together with prejudgment interest;

    B. Non-economic damages in an amount to be proven at trial, estimated at $25,000.00.

    B. Punitive damages in an amount to be determined at trial.

JURY DEMAND:

Plaintiff hereby demands trial by jury.

///

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372 Fax: 503-345-6655

Respectfully submitted this 16th day of November, 2023.

    */s/ Hope Del Carlo*
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503/789-7372
Fax: 503/345-6655

Attorney for Plaintiff